```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ARTHUR C. FERRY,

                Plaintiff,        6:18-cv-06480-MAT
                                  DECISION AND ORDER
                  -v-

Commissioner of Social Security,

                Defendant.
_____
```

## INTRODUCTION

Plaintiff Arthur C. Ferry ("Plaintiff"), represented by counsel, brings this action under Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant"), denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Docket No. 1. The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Docket Nos. 9, 12, 13. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings (Docket No. 9) is granted, and Defendant's motion (Docket No. 12) is denied. The case is remanded to the Commissioner for further proceedings consistent with this Decision and Order.

**PROCEDURAL BACKGROUND**

On January 6, 2015, Plaintiff protectively filed applications for DIB and SSI, alleging disability as of September 30, 2009, due to the following conditions: "reflex sympathetic dystrophy of upper limbs, cervicolgia, thoracic outlet syndrome, respiratory insufficiency, shoulder pain, asthma, [and] learning disabled." Administrative Transcript ("T.") 12, 95-96, 107-08, 119-20. The claims were initially denied on May 12, 2015. T. 12, 121-28. A video hearing was conducted on February 13, 2017, by administrative law judge ("ALJ") Julia D. Gibbs. T. 12, 39-87. Plaintiff appeared in Elmira, New York, and the ALJ presided over the hearing from Alexandria, Virginia. *Id*. The ALJ issued an unfavorable decision on June 21, 2017. T. 9-22. Plaintiff appealed the decision to the Appeals Council, which denied his request for review on April 26, 2018, making the ALJ's decision the final determination of the Commissioner. T. 1-3. This action followed.

**THE ALJ'S DECISION**

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The ALJ initially found that Plaintiff met the insured status requirements of the Act through June 30, 2010. T. 14. At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in

substantial gainful activity since September 30, 2009, the alleged onset date. *Id*.

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: degenerative disc disease of the cervical and lumbar spines; right shoulder disorder; degenerative hip disorder; reflex sympathetic dystrophy of the upper limb; learning disorder; and borderline intellectual functioning. T. 14-15.

At step three, the ALJ found that Plaintiff's impairments did not singularly or in combination meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 15. The ALJ specifically considered Listings 1.00 and 12.00 in making this determination. T. 15-16.

Before proceeding to step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except: "the work needs to be able to be done either sitting or standing and allows the worker to alternate between the two positions without leaving the work site or stopping work activity. The claimant is limited to frequent handling and fingering with the right upper extremity. Also with the right upper extremity, the claimant is not able to lift above shoulder level or lift more than five pounds. The claimant is limited to work not requiring more than a 6th grade math or reading level." T. 16.

At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant work. T. 20.

At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of plastic hospital product assembler, small parts assembler, and electronics worker. T. 21-22. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 22.

## **SCOPE OF REVIEW**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or

detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## DISCUSSION

Plaintiff contends that remand is warranted because: (1) the physical RFC is not supported by substantial evidence, because the ALJ failed to incorporate limitations assessed by Gilbert Jenouri, M.D., the consultative examiner; (2) the mental RFC is not supported by substantial evidence, because the ALJ failed to include limitations assessed by Sara Long, Ph.D., the consultative examiner, and Dr. Hoffman, the state agency psychological consultant; and (3) the ALJ's education and RFC findings regarding Plaintiff's education level are not supported by substantial evidence. *See* Docket No. 9 at 2, 13-21. For the reasons explained below, the Court finds that the ALJ erred in her assessment of the mental RFC. This error requires remand to the Commissioner for further administrative proceedings.

**I. The ALJ Failed to Sufficiently Explain Her Assessment of the Mental RFC, Particularly With Regard to Opinion Evidence Offered by Dr. Long, and Remand is Required**.

Plaintiff underwent a psychiatric evaluation and intelligence evaluation with Dr. Long on May 5, 2015. T. 468-75. A mental

-5-

status examination was mostly normal, including Plaintiff's appearance, speech, thought processes, affect, mood, sensorium, orientation, attention and concentration, and recent and remote memory skills. T. 469. However, Dr. Long found that Plaintiff was "functioning on a borderline intellectual level," and "[h]is WRAT-IV indicates 3.2 grade reading level." T. 469; *see also* T. 473. Plaintiff's insight and judgment were rated as "poor to fair." T. 469-70. Dr. Long diagnosed Plaintiff with intellectual disabilities; learning disability, reading; and learning disability, short-term visual memory. T. 470, 474. Dr. Long offered the following Medical Source Statement:

> No limitations were observed regarding following and understanding simple directions and performing simple tasks. [Plaintiff] was able to maintain attention and concentration, and is able to maintain a regular schedule, and he is able to learn new tasks. Regarding complex tasks and making appropriate decisions, there appear to be moderate to, at times, marked limitations. He is able to relate adequately with others, and is capable of adequate stress management.
>
> Results of the present evaluation appear to be consistent with cognitive problems which may interfere with his ability to function on a regular basis.

T. 470, 474.

The ALJ discussed Dr. Long's May 2015 evaluation (*see* T. 18-19), and assigned it "greater weight" (T. 20). Specifically, the ALJ explained:

> The undersigned has also considered the consultative examinations of Drs. Jenouri and Long and given greater weight to their findings as the results of their examinations support the residual functional capacity

> assessed and are consistent with the record as a whole. . . . The opinions of Dr. Long are also incorporated in the residual functional capacity by limiting the claimant to work that requires no more than sixth grade level reading and math. The claimant does not suffer from any other mental impairments besides his learning disability that would require additional mental limitations.

T. 20 (internal citations omitted).

As explained above, the ALJ assessed a mental RFC limiting Plaintiff to "work not requiring more than a 6th grade math or reading level." T. 16. There are two problems with the assessed mental RFC. First, it is unclear to the Court how the ALJ determined the limitation to "work not requiring more than a 6th grade math or reading level." This is particularly problematic given that Dr. Long's report indicates that Plaintiff was capable of only a third-grade reading level. *See* T. 469 ("His WRAT-IV indicates 3.2 grade reading level."); *see also* T. 473. In addition, the RFC does not account for Dr. Long's opinion that Plaintiff has moderate to marked limitations in performing complex tasks or making decisions. The ALJ gave Dr. Long's opinion "greater weight," and therefore her failure to explain this discrepancy is error.

"When assessing a disability claim, an ALJ has the responsibility of determining a claimant's RFC based on all of the relevant medical and other evidence of record." *Mack v. Commissioner*, No. 1:18-cv-00265-MAT, 2019 WL 1994279, at *4 (W.D.N.Y. May 6, 2019) (citations omitted); *see also* 20 C.F.R.

-7-

§ 416.927(d)(2). Further, "the ALJ is required to articulate the reasons for the RFC determination, which 'must include a narrative discussion describing how the evidence supports each conclusion.'" *Quinto v. Berryhill*, No. 3:17-cv-00024(JCH), 2017 WL 6017931, at *5 (D. Conn. Dec. 1, 2017) (quoting SSR 96-8p, at *7)).

An RFC finding need not correspond to any particular medical opinion; rather, the ALJ must weigh and synthesize all evidence available to render an RFC finding that is consistent with the record as a whole. *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). However, "[b]ecause an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error." *Hilsdorf v. Commissioner*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010). Accordingly, "[a]n ALJ is prohibited from 'playing doctor' in the sense that 'an ALJ may not substitute his own judgment for competent medical opinion. . . . This rule is most often employed in the context of the RFC determination when the claimant argues either that the RFC is not supported by substantial evidence or that the ALJ has erred by failing to develop the record with a medical opinion on the RFC." *Quinto,* 2017 WL 6017931, at *12 (citations omitted).

The ALJ assessed Plaintiff with severe mental impairments, including a learning disorder and borderline intellectual

functioning. T. 14. Despite the fact that she found Plaintiff to have severe mental impairments and gave Dr. Long's opinion "greater weight," the ALJ did not explain how limiting Plaintiff to work not requiring more than a 6th grade math or reading level adequately accounts for his mental impairments. *See Kristina T. v. Commissioner*, No. 1:19-CV-135(MAD), 2019 WL 5425261, at *8 (N.D.N.Y. Oct. 23, 2019) ("When addressing a plaintiff's RFC, an ALJ is required to note how 'the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and non-medical evidence (*e.g.*, daily activities, observations).'") (quoting SSR 96-8p). Likewise, the ALJ failed to explain how the assessed RFC accounts for Plaintiff's inability to perform complex tasks or make appropriate decisions. Rather, the ALJ offered the conclusory statement that "[t]he claimant does not suffer from any other mental impairments besides his learning disability that would require additional mental limitations." T. 20. This explanation is insufficient, particularly because Dr. Long's assessment of Plaintiff's ability to perform complex tasks and make decisions is supported by her examination findings, including that Plaintiff's insight and judgment were "poor to fair." *See* T. 469-70.

Defendant contends that the RFC finding does not need to reflect the opinion evidence verbatim, and restricting Plaintiff to work requiring no greater than a 6th grade math or reading level is supported by the record as a whole. Docket No. 12-1 at 17.

Defendant cites to Dr. Long's examination findings, as well as Plaintiff's past work and daily activities, as supporting the limitation to work not requiring more than a 6th grade math or reading level. *Id*. at 17-18. These facts do not cure the ALJ's failure to explain how the RFC reflects the limitations assessed by Dr. Long, whose opinion the ALJ purported to give "greater weight." The ALJ's failure to include such an explanation is problematic, as the RFC does not, on its face, account for the limitations assessed by Dr. Long. For example, a limitation to work that does not require more than a 6th grade math or reading level does not necessarily account for Plaintiff's moderate to marked limitations for performing complex tasks or decision-making.

Because the ALJ failed to explain how the RFC accounts for the limitations assessed by Dr. Long, the Court is unable to undertake a meaningful review of the decision. *See Thomas v. Berryhill*, 337 F. Supp. 3d 235, 244 (W.D.N.Y. 2018) (the ALJ is required to "explain the bases for [her] findings with sufficient specificity to permit meaningful review.") (internal quotations and citation omitted); *see also Pugh v. Commissioner*, 351 F. Supp. 3d 305, 315 (W.D.N.Y. 2018) (although opinions of consultative examiners are not entitled to the same deference as treating physicians, and the RFC need not reflect any one medical opinion, where the RFC is at odds with opinion evidence in the record, the ALJ must explain how the evidence in the record supports the RFC). Accordingly, remand

is required. On remand, the ALJ is directed to fully explain her assessment of Plaintiff's RFC, including by identifying specific evidence supporting each of the assessed limitations.

## II. **Plaintiff's Remaining Arguments**

Finding remand necessary for the reasons explained above, the Court does not reach Plaintiff's remaining arguments concerning the ALJ's assessment of opinion evidence offered by Dr. Jenouri, or the ALJ's education and RFC findings relating to Plaintiff's education level.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 9) is granted to the extent that the Commissioner's decision is reversed, and the matter is remanded for further proceedings consistent with this Decision and Order. Defendant's motion for judgment on the pleadings (Docket No. 12) is denied. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   December 27, 2019
         Rochester, New York